UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNAE HOYT,<br>CDCR #K-67211,<br><br>                               Plaintiff,<br><br>vs.<br><br>GEORGE VALDOVINOS, Correctional Officer, et al.,<br><br>                             Defendants. | Case No.: 3:19-cv-01553-L-AGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO**<br>**28 U.S.C. § 1915(d) AND**<br>**Fed. R. Civ. P. 4(c)(3)** |

      Plaintiff Johnae Hoyt, while incarcerated at Mule Creek State Prison ("MCSP") in Ione, California, and represented by counsel, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, claiming various prison officials at Richard J. Donovan Correctional Facility ("RJD") violated his First and Eighth Amendment rights in April and May 2017 while he was incarcerated there. *See* Compl., ECF No. 1, at 11-19 ¶¶ 75-114. He seeks compensatory and punitive damages, as well as "court costs and reasonable litigation expenses." *Id.* at 19-20.

Hoyt did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Hoyt has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by trust account officials at MCSP. *See* ECF No. 2 at 4, 6-8; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These records show he carried an average monthly balance of $5.52 and maintained $5.50 in average monthly deposits in his account during the 6-months preceding suit, but that he had a current available balance of zero at the time of filing. *See* ECF No. 2 at 4. Therefore, the Court **GRANTS** Hoyt's Motion to Proceed IFP (ECF No. 2), declines to exact any initial filing fee because his prison certificates indicate he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Hoyt is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

///

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As currently pleaded, the Court finds Hoyt's Complaint contains "sufficient factual matter, accepted as true," to state First and Eighth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian,* 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7); *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (the Eighth Amendment "requires

that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'"); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) ("[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene."); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Therefore, the Court will direct the U.S. Marshal to effect service of summons Hoyt's Complaint on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Hoyt's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Hoyt's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons as to Hoyt's Complaint (ECF No. 1) and forward it to Plaintiff's counsel along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Hoyt with a certified copy of this Order, certified copies of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Hoyt must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Hoyt on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendants, once they have been served, to reply to Hoyt's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

7. **ORDERS** Hoyt, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Hoyt must include with every

6

3:19-cv-01553-L-AGS

original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: August 27, 2019

_____
Hon. M. James Lorenz
United States District Judge